# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

FALGOON PATEL,

    Plaintiff,                             Case No.:

v.

KHP DEVELOPERS INC., d/b/a
KHP HOMES, and
KHAMIR PATEL, individually

    Defendants.

---

## COMPLAINT & DEMAND FOR JURY TRIAL

---

Plaintiff, FALGOON PATEL, brings this lawsuit against the above captioned Defendants, KHP DEVELOPERS INC. D/B/A KHP HOMES, and KHAMIR PATEL, individually, (collectively referred to as "Defendants") for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* (the "FLSA") and breach of contract to recover unpaid wages.

### *Introduction*

1. An employer violates the FLSA when it does not pay overtime compensation to any employee who is non-exempt.

2. It is well settled that employees are *presumed* to be non-exempt; that is, that they are entitled to overtime at the rate of time and one half their regular hourly rate

for hours worked after 40 each week. *Ale v. Tennessee Valley Authority,* 269 F.3d 680, 683 (6th Cir. 2001).

3. There is no exemption to the FLSA in this case, but to the extent one is asserted the Defendant "must [it] establish through clear and affirmative evidence that the employee meets every requirement of an exemption." *Ale v. Tennessee Valley Authority,* 269 F.3d 680, 683 (6th Cir. 2001).

### *The Parties*

4. Plaintiff is a Florida resident who began working for Defendants in 2017 under the title of Sales and Marketing Director, and then in January 2019, and his title was changed to Director of Business Development, and he has continued in this capacity until the present day. Plaintiff is not related to Defendant Khamir Patel.

5. Plaintiff was a covered employee within the meaning of the FLSA from during all times while employed with Defendants.

6. Defendant, KHP DEVELOPERS INC. ("KHP") is a Florida corporation, with a principal address of 2312 Cypress Cove, Suite 101, Wesley Chapel, FL 33544. Defendant may be served through its registered agent PATEL, KHAMIR H, at the same address at 10545 Bermuda Isle Dr Tampa, FL 33647-2719, or at its principal place of business. At all times material, KHP operated and did business under the fictitious business name KHP HOMES.

7. Defendant, KHAMIR PATEL ("Patel"), is a Florida resident and an individual who conducts business in the state of Florida.

8.  Patel is KHP's highest ranking officer, and is believed to be the 100% sole owner and the person who has day to day operational control over KHP.

9.  Patel also is responsible for creating and enforcing the unlawful pay practices complained of herein, and acted as Plaintiff's supervisor, set his work schedule and directed his work.

10.     As an officer, manager, and or owner of the Defendant KHP, Patel is an employer within the meaning of the FLSA and jointly and severally liable for the wages owed to Plaintiff.  *See In re Van Diepen, P.A.*, 236 Fed. Appx. 498, 12 Wage & Hour Cas. 2d (BNA) 1358 (11th Cir. 2007) (allowing individual liability).

### *Jurisdiction*

11. The Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and § 1337 and 29 U.S.C. § 216(b) because this action involves a federal question under the Fair Labor Standards Act,

12. This court has supplemental jurisdiction over Plaintiff's state law claims 28 pursuant to U.S.C. §1367 as they arise from the same operative facts and are intertwined with the wage claims under the FLSA such that they form part of the same case or controversy.

13. This Court has personal jurisdiction over Defendants because one is a company organized under the laws of Florida, and also operates business inside the State of Florida from within this district.

14. This Court has personal jurisdiction over the individual Defendant Patel because Defendant is a Florida resident and/or is engaged in business within the State of Florida.

15. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b) because the acts complained of by Plaintiff occurred in the Middle District of Florida, and Defendants are subject to personal jurisdiction within this District and division as it engaged in business therein.

### *Plaintiff's Job*

16. Plaintiff's primary responsibility was to handle inbound phone calls from potential customers who were seeking home and building projects, and then to make sales by providing pricing and proposed contracts for the services after the same was approved by Defendant Khamir Patel.

17. Plaintiff's compensation includes a base pay of $65,000 plus eligibility to earn commissions of 1% of the project price upon completion.

18. Plaintiff did not manage employees or direct the work of 2 or more full time employees.

19. Plaintiff's primary duty of selling construction projects did not involve the exercise of discretion and independent judgment; Plaintiff did not have discretion to create and negotiate prices, create architectural plans, nor determine the building materials to be used, or select the subcontractors involved.

20. In June 2022, Defendants also put Plaintiff to work as a sales employee working for their related, and affiliated company, FLORIDA STEEL FRAME & TRUSS MANUFACTURING LLC (FSFTM).    Plaintiff was to be paid 1% of the project price upon completion of any  sales for and on behalf of FSFTM.

21. All the work Plaintiff did for FSFTM was paid by KH and he did not receive any separate pay or additional compensation from FSFTM.

22. FSFTM is another company owned by KP, and which combined with KHP is operated as a single integrated business enterprise from the same corporate office, and with KP as the highest-ranking officer.

23.    Plaintiff was paid through a PEO company, Modern Business Associates.

24. Plaintiff was promised health insurance 100% paid by Defendants to begin in January 2019.

25. However, Plaintiff was not provided health insurance until July 2022.

***Hours Worked***

26. During Plaintiff's employment, Plaintiff regularly worked in excess of 40 hours a week  and Defendants knew  that he  was working more than 40  hours routinely.

27. Plaintiff was expected to work as many hours as necessary to handle his job duties, keep up with calls and all aspects of his work duties and told that he was a salaried employee.

28.Defendant did not track and record Plaintiff's work hours or have him punch in or record his work hours.

29.The Defendants are aware that the Plaintiff regularly worked more than forty (40) hours a week.

30.Defendants required Plaintiff to work more than forty (40) hours in any given workweek.

31.Defendants did not compensate Plaintiff time with any premium for all hours worked in excess of forty (40) in any given workweek.

### *Evidence of Hours*

32.Evidence reflecting the precise number of overtime hours worked by Plaintiff is in the possession of the Defendants.

33. Some of these records would include emails and phone records and other ESI timestamp records; however, these records are not entirely accurate and there are no precise and contemporaneous kept records of Plaintiffs work hours by Defendants.

34.If these records are unavailable or unreliable, Plaintiff may establish the hours he worked solely by his testimony, and the burden of overcoming such testimony shifts to the employer.   *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

### *Defendants Bad Faith in Stealing Wages*

35.Defendants' failure to pay overtime compensation was knowing and willful violation of the FLSA.

36. Defendants *were aware* of the FLSA overtime requirements.

37. Defendants willfully misclassified Plaintiff as exempt from overtime, and further led him to believe that because he was paid a salary, that alone exempted him from entitlement to overtime pay.

38. Defendants do not have a good faith basis under the Fair Labor Standards Act for classifying Plaintiff as exempt from overtime premiums as his work as an inside sales employee is generally and widely known to be a non-exempt position and involve non-exempt job duties.

39. Accordingly, Plaintiff is entitled to recover all minimum wages and overtime pay due from overtime hours worked for which compensation was not paid, liquidated damages, and attorneys' fees under the FLSA's three-year statute of limitations.

40. Defendants willfully misclassified Plaintiff as exempt from overtime pay in a scheme to avoid their FLSA overtime pay obligations and increase profits.

### *Coverage under the FLSA*

41. Defendants qualify for and are subject to both traditional and enterprise coverage under the FLSA for all the relevant time periods contained in this Complaint. Said differently, Defendants are subject to the FLSA.

42. During the times relevant to this Complaint, KHP employed more than two employees and has generated more than $500,000 in revenues for the 3 years preceding this action.

43.    Alternatively at all relevant times Defendants have been and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA 29 U.S.C. §§ 206(a) and 207(a).

44.    The FLSA defines "employer" as any "person" acting directly or indirectly in the interest of an employer in relation to an employee. 29 U.S.C. § 203(d).  *See also Boucher v. Shaw*, 572 F.3d1087, 1090 (9th Cir. Nev. 2009) (the definition of "employer" under the Fair Labor Standards Act (FLSA) is not limited by the common law concept of "employer," but is to be given an expansive interpretation in order to effectuate the FLSA's broad remedial purposes).

45.    Defendants employed Plaintiff as an employee within the meaning of the FLSA § 203.

**COUNT 1  VIOLATION OF FLSA 29 U.S.C. § 207 (As to All Defendants)**

46. Plaintiff re-alleges paragraphs 1-44 as if fully set forth in this Count.

47. Plaintiff brings this Complaint for violations of the FLSA to recover unpaid wages in violation of the overtime requirements, liquidated damages, interest, and reasonable attorneys' fees.

48. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.  Further, Defendants knew of all the hours Plaintiff worked.

49. Plaintiff worked on average fifty five or more hours per work on a consistent basis throughout his employment with Defendants.

50. Defendants did not pay Plaintiff overtime compensation for these hours worked over forty in any of the respective workweeks.

51. Defendants' failure to pay Plaintiff overtime premiums and pay for all hours worked over forty (40) in a given workweek is a violation of the FLSA, 29 U.S.C. § 207.

52. The foregoing conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), such that a 3 year statute of limitations applies to Plaintiff's claims.

53. Due to Defendants' FLSA violations, Plaintiff has suffered damages and is entitled to recover from Defendants the unpaid overtime compensation, and an additional amount equal as liquidated damages, prejudgment interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

## COUNT II  BREACH OF CONTRACT

54. Plaintiff was promised as a term of his employment, a non-discretionary sales commission of 1% of each project sold to be paid upon completion of the project.

55. Throughout Plaintiff's employment, Defendant paid some of the commissions at 1%, but at other times, paid less than 1% or no commission at all.

56. On the Purohit project, Plaintiff was not paid the 1%, and was shorted by $970.00.

57. In total Plaintiff is owed and has not been paid the following unpaid 1% commissions:  Wehle Residence - $14,069.78, Hull Residence - $5,326.72 and Gupta Residence - $28,541.15 for a total of $47,937.65

58. Defendant has willfully breached the terms of this orally promised contractual agreement to pay him a commission of 1% on all projects sold and completed.

59. Plaintiff was also promised health insurance effective January 2019, to be 100% paid by Defendants.

60. Defendants failed to provide Plaintiff the health insurance until July 2022, causing Plaintiff to incur costs and expenses and pay for his own insurance prior to this time frame, and which caused him to be financially harmed.

61. Plaintiff relied upon these promises of the 1% sales commission and the health insurance in accepting his employment with Defendants, and then in performing his job thereafter.

62. Plaintiff has suffered damages from Defendant's breach of this contract, the sum of which requires an accounting from Defendant and is a liquidated sum.

63. Pursuant to F.S. 448.08, Plaintiff is entitled to payment of his attorney's fees and related costs and expenses of this litigation for recovering these unpaid and underpaid commissions.

## **PRAYER FOR RELIEF**

64. WHEREFORE, Plaintiff prays for the following relief:

a. That the Court finds the Defendants in violation of the overtime compensation provisions of the FLSA and that the Court finds that Defendants' violation of the FLSA was and is willful;

b. That the Court award Plaintiff overtime compensation for all the previous hours worked over forty (40) hours, in each and every work week over the three years preceding the filing of this complaint until the date of trial, plus liquidated damages of an equal amount; in addition to attorneys' fees and costs under § 216 of the FLSA; and

c. An order awarding attorneys' fees and costs pursuant to § 216 of the FLSA;

d. payment of all unpaid and underpaid commissions, the value of all out of pocket costs and expenses for Plaintiff time he was without health insurance promised by Defendants, plus prejudgment interest and attorney's fees pursuant to F.S 448.08.

## ***JURY DEMAND***

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint and on all other issues so triable.

Respectfully submitted this 14th day of February, 2023 by:


*/s/Mitchell Feldman, Esq.*

Feldman Legal Group
FB #0080349
6916 W. Linebaugh Ave #101
Tampa, Fl 33625
813 639 9366
Mfeldman@flandgatrialattorneys.com
Mail@feldmanlegal.us
*Attorney for Plaintiff*