UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FALGOON PATEL,

    Plaintiff,

v.                                                          Case No. 8:23-cv-329-CEH-AEP

KHP DEVELOPERS INC., et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

    This cause comes before the Court upon the parties' Joint Motion to Approve Settlement Agreement and Dismiss this Action with Prejudice (Doc. 19). By the motion, the parties request that the Court approve the parties' proposed settlement of the Fair Labor Standards Act ("FLSA") claims in this case and dismiss the case with prejudice. A claim brought pursuant to the FLSA can be resolved in two ways. *See* 29 U.S.C. § 216; *see also Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). First, an employee may settle and waive claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *Lynn's Food*, 679 F.2d at 1353. Second, an employee may settle and waive claims under the FLSA if the parties to a private action present to a district court a proposed settlement agreement, and the district court enters a judgment approving the settlement. *Id*. To approve the settlement, the district court must

determine whether the settlement agreement constitutes a fair and reasonable resolution of a bona fide dispute regarding FLSA provisions. *Id*. at 1355.

In suits brought by employees under the FLSA for back wages, settlements may be permissible "because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In such adversarial cases, the Eleventh Circuit has determined that:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,] we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* (footnote omitted). Here, Plaintiff initiated this action asserting claims against Defendants pursuant to the FLSA for unpaid overtime wages violations and breach of contract (Doc. 1). Plaintiff alleged that he worked for Defendants as Sales and Marketing Director from 2017 through 2018 and as Director of Business Development from January 2019 to the present (Doc. 1, at ¶ 4). According to Plaintiff, he was not paid overtime wages (Doc. 1, at ¶¶ 26, 31).

In an effort to resolve the litigation, Defendants agreed to a settlement, and the parties subsequently submitted the proposed "FLSA Settlement Agreement" for review (Doc. 19-1). Within the proposed FLSA Settlement Agreement, Defendants

agree to pay Plaintiff a total of $13,500, of which $3,500 is for unpaid wages, $3,500 is for liquidated damages, and $6,500 is for attorney's fees (Doc. 19-1, at 2). The parties state that the attorneys' fees "were agreed upon separately and without regard to the amount to be paid to Plaintiff" (Doc. 19, at 3).

Upon review of the proposed settlement agreement, the undersigned finds that the settlement agreement is a fair and reasonable resolution of the parties' dispute regarding Plaintiff's claims. *See Lynn's Food*, 679 F.2d at 1353-55. Accordingly, after consideration, it is hereby

RECOMMENDED:

1. The parties' Joint Motion to Approve Settlement Agreement and Dismiss this Action with Prejudice (Doc. 19) be GRANTED.

2. The FLSA Settlement Agreement (Doc. 19-1) be accepted, adopted, and approved by the Court, and the parties be ordered to comply with the terms of the settlement agreement.

3. This action be DISMISSED WITH PREJUDICE.

4. The Clerk be directed to terminate all pending deadlines and to close the case.

IT IS SO REPORTED in Tampa, Florida, on this 2nd day of August, 2023.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1). **Should the parties wish to expedite the resolution of this matter, they may promptly file a joint notice of no objection.**

cc: Hon. Charlene E. Honeywell
 Counsel of Record